TEODORO VIDAL SÁNCHEZ, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. DOMINGO SEPÚLVEDA, JUEZ, demandada.

*No. 662.—Sometido: Julio 15, 1929. Resuelto: Julio 26, 1929.*

*Angel A. Vázquez,* abogado del peticionario; *S. Suau,* por el inter-ventor, demandado en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

■ ■ La petición en este caso fué declarada con lugar, por la teoría de que la American Colonial Trust Co. en subs-titución del deudor no había cumplido con las disposiciones de la hipoteca, toda vez que dicha American Colonial Trust Co. no había depositado incondicionalmente la suma de $1,000 adeudados por concepto de costas y honorarios de abogado con motivo de haberse instituído un procedimiento ejecutivo hipotecario. Durante la vista, la cuestión en controversia quedó reducida prácticamente a la determinación de si la suma de $1,000 debía pagarse absolutamente como una pena-lidad o si tan sólo era una suma de dinero de la cual la corte inferior tenía derecho a determinar el importe que debía sa-tisfacerse por concepto de costas y honorarios. Resolvemos que si el contrato no disponía el pago de esa suma como una penalidad, podía efectuarse la consignación sujeta a la ac-tuación de la corte. También resolvemos que si un deudor, después de haberse entablado el litigio y dentro del término concedídole no paga en su totalidad la suma adeudada a vir-tud de la hipoteca, sino que deposita la cantidad total adeu-

dada antes de procederse a la ejecución, la corte tiene el derecho o la discreción de paralizar la venta. La ley no exige cosas fútiles e innecesarias, y si se paga la deuda principal y sus intereses y se garantizan las costas del litigio, no debe continuar el procedimiento de ejecución, meramente porque el deudor haya dejado de pagar dentro del período especificado en el mandamiento. En un caso corriente en que no medie especificación determinada en el contrato de hipoteca, la corte puede determinar la suma que debe consignarse por concepto de costas. La cuestión entonces es si las partes celebraron un contrato distinto.

La fraseología del contrato es la siguiente:

"Sexta: Para garantizar las obligaciones contraídas por esta escritura don José Montilla Jiménez y su esposa doña Angeles Ambrosiani constituyen hipoteca a favor de don Teodoro Vidal Sánchez sobre la finca descrita en el primer precedente de esta escritura con todos sus derechos y pertenencias por los veinte mil dollars del capital prestado y sus intereses al tipo convenido hasta el día del pago más por un mil dollars para costas y honorarios de abogado en caso de reclamación judicial, queriendo y consistiendo que esta hipoteca se inscriba en el Registro de la Propiedad y subsista hasta que la obligación que garantiza sea totalmente satisfecha."

Nada hallamos en estas palabras que demuestre que la intención de las partes fué hacer que el pago de la suma de $1,000 constituyera una penalidad o una suma enteramente líquida. Éstas son las palabras que se usan ordinariamente cuando un acreedor recibe una garantía para el caso de que tenga que acudir a una reclamación judicial. Él estaba ampliamente garantizado en este caso. Las penalidades no son favorecidas en derecho, y si las partes hubiesen deseado hacer que la suma de $1,000 fuera pagadera absolutamente en caso de reclamación judicial, debieron haberlo dicho así más específicamente. El importe total de la deuda fué consignado sujeto a que la corte determinara las costas.

*Debe anularse el auto expedido.*

El Juez Asociado Señor Aldrey no intervino.