RAIMUNDO BALET, demandante y apelado, *v.* JESÚS MARÍA DÁVILA Y MALDONADO Y RAMONA DÍAZ, demandados y apelantes.

No. 5817.—*Sometido:* Noviembre 17, 1932. *Resuelto:* Noviembre 22, 1932.

*Antonio L. López,* abogado de los apelantes; *José C. Rivera,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Este es un procedimiento sumarísimo que comenzó en octubre de 1930, instado de acuerdo con la Ley Hipotecaria y su reglamento para el cobro de la hipoteca que garantizó también el pago de determinada cantidad para costas y honorarios de abogado. La corte ordenó en 10 de noviembre siguiente que el demandado fuese requerido para que pagase el capital adeudado, sus intereses no satisfechos y la cantidad convenida para costas y honorarios de abogado y tal requerimiento fué hecho al deudor. Tres días antes este tribunal resolvió el caso de *Vidal Sánchez* v. *Corte,* 40 D.P.R. 106 en el que declaró que las costas debían ser tasadas en esta clase de procedimiento y en 5 de junio de 1931 el ejecutante en él presentó un memorándum de las costas, que fué impugnado por el deudor y aprobado por la corte en 21 de julio de 1931 con cierta rebaja que le hizo. Contra esa resolución interpuso el deudor este recurso de apelación cuya vista tuvo lugar ante nosotros el 17 del mes y año en curso.

Para sostener su recurso alega el apelante que el memorándum de costas debió ser presentado dentro de los diez días siguientes al requerimiento de pago.

El caso de *Arsuaga* v. *Corte*, 43 D.P.R. 1001, decidido en 30 de julio de 1932, revoca la resolución del caso de *Vidal* v. *Sánchez, supra* y declara que cuando en esta clase de procedimientos está garantizado el pago de las costas con hipoteca fijándose una cantidad determinada para ello, debe entenderse que dicha suma es líquida y acordada por las partes para el caso de que el acreedor se vea obligado a acudir a la vía judicial para el cobro de su crédito. Por tanto, estando determinada en este caso la cantidad para costas y honorarios de abogado y garantizada con la hipoteca, fué improcedente que se presentase un memorándum de costas, su impugnación y *la resolución de la corte aprobándolo,* por lo que *es revocada.*