THE JUNCOS CENTRAL COMPANY, PETICIONARIA Y APELADA,
*v.* DEL TORO, OPONENTE Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en un procedimiento de consignación.

No. 2549.—Resuelto en abril 7, 1922.

CONSIGNACIÓN—JURISDICCIÓN—CORTE MUNICIPAL.—La jurisdicción original para conocer de un procedimiento de consignación de la suma de sesenta dólares, corresponde a la corte municipal y no a la de distrito.

CONSIGNACIÓN NULA—CHEQUES CERTIFICADOS.—Atendidos los términos del artículo 1138 del Código Civil y el caso de *Silva* v. *Aboy,* 20 D. P. R. 76, la consignación hecha por medio de un cheque certificado para pagar una cantidad de dinero, es improcedente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Martínez Dávila.*

Abogados de la apelada: *Sres. C. Coll Cuchí* y *G. Cruzado Silva.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Habiéndose negado el demandado a recibir de la demandante la suma de sesenta dólares que la demandante le debía por haberla retenido erróneamente en su poder, la demandante la consignó en la Corte de Distrito de San Juan, Sección Segunda. Insistió en su oposición el demandado y la corte finalmente dictó sentencia declarando bien hecha la consignación.

Apeló el demandado y entre los errores que alega señala el de la falta de jurisdicción de la corte de distrito para conocer del asunto por razón de la cuantía.

Esta corte ha decidido varias veces que cuando la cuantía de lo reclamado no pasa de quinientos dólares la jurisdicción corresponde a las cortes municipales, interpretando así la sección 4 de la Ley para reorganizar el sistema judicial de Puerto Rico de 1904, que prescribe que el juez municipal creado por dicha ley "tendrá jurisdicción en todos los asuntos civiles

que se promuevan en su distrito hasta la suma de quinientos dollars, intereses inclusive.'' Véanse no sólo los casos de *González* v. *Pirazzi,* 16 D. P. R. 7; *Lamas & Méndez* v. *Betancourt,* 16 D. P. R. 280, y *Bazán* v. *Stevens & Co.,* 16 D. P. R. 703, citados por la parte apelante, sí que también el de *Lowande* v. *García,* 13 D. P. R. 271, en el que se estudia con amplitud la cuestión.

Sostiene la parte apelada que el caso de consignación es especial. La ley no confiere jurisdicción especial a determinada corte para conocer de casos de consignación y donde la ley no distingue no debemos distinguir. La consignación es una forma de pagar. Si el demandado se hubiera visto obligado a reclamar de la demandante la dicha suma de sesenta dólares, la única corte en que hubiera podido hacerlo hubiera sido una corte municipal. Siendo ello así, es lógico y necesario aplicar la misma regla a la demandante.

La apelada cita el caso de *Martínez* v. *Santiago,* 10 D. P. R. 259, como demostrativo de que esta corte conoció de un asunto de consignación procedente de la corte de distrito en el que la cuantía era trescientos dólares. En efecto la consignación de que se trataba y que se verificó después de dictada sentencia en el pleito, ascendía a esa suma, pero la cuantía del pleito era superior a quinientos dólares.

Además, aunque entráramos a considerar el asunto por sus méritos, siempre deberíamos revocar la sentencia recurrida. El ofrecimiento de pago se hizo por medio de un cheque sin certificar que fué devuelto por el demandado y la consignación se verificó depositando dicho cheque certificado en la corte de distrito. Y ya en el caso de *Silva* v. *Aboy, Giorgetti & Co.,* 20 D. P. R. 76, 84, se resolvió, citando el caso de *Bickford* v. *First National Bank,* 89 Am. Dec. 440, que aunque es un hecho que los cheques certificados pasan de mano en mano como dinero efectivo (*cash*), es lo cierto que no son dinero efectivo o moneda, en el sentido legal de estos términos.

Además, el artículo 1138 del Código Civil es tan claro que no deja duda sobre el particular.

Debe revocarse la resolución recurrida.

> *Revocada la resolución apelada y declarada sin lugar la consignación, sin especial condena de costas.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.