MARRERO, RECURRENTE, *v.* EL REGISTRADOR DE MAYAGÜEZ,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Pro-
piedad de Mayagüez negándose a inscribir una orden de
cancelación de hipoteca de una corte municipal.

No. 587.—Resuelto en marzo 19, 1924.

CORTES MUNICIPALES—CANCELACIÓN DE HIPÓTECA INFERIOR A $500—JURISDICCIÓN
POR RAZÓN DE LA MATERIA.—Una corte municipal carece de jurisdicción para
conocer de un pleito en el cual se reclama la cancelación de una hipoteca,
aunque el valor de ésta sea inferior a $500.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. J. Sabater.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

La cuestión fundamental envuelta en este recurso es la
de si una corte municipal tiene jurisdicción para ordenar la
cancelación de una hipoteca.

Sobre cierta finca rústica del término municipal de Ma-
yagüez se constituyó una hipoteca para garantir la suma
de $244. Se inició un pleito solicitando la cancelación del
gravamen. La demanda se interpuso en la corte munici-
pal. Esta dictó sentencia decretando la cancelación y or-
denando que se expidiera mandamiento dirigido al re-
gistrador para que la verificara. Así lo hizo el secretario
y el registrador se negó entre otros motivos porque la corte
municipal había actuado sin jurisdicción por razón de la ma-
teria. No conforme la parte interesada interpuso el pre-
sente recurso gubernativo.

Si se atiende únicamente a la cuantía envuelta en el li-
tigio, sería necesario decidir la cuestión a favor del recu-
rrente, pues dicha cuantía es menor de quinientos dólares.
Pero si se toma en consideración la materia objeto del
pleito, la nota recurrida se sostiene.

Las cortes municipales lo son de jurisdicción limitada. No son cortes de récord. La jurisdicción general para conocer de los asuntos civiles en primera instancia, salvo las excepciones fijadas por la ley, corresponde a los tribunales de distrito.

Desde 1911 esta Corte Suprema resolvió en el caso de *Bayron et al.,* v. *García et al.,* 17 D. P. R. 538, que era la corte de distrito la que tenía jurisdicción para conocer de la nulidad de un procedimiento hipotecario no obstante tratarse de la ejecución de una hipoteca cuya cuantía era menor de quinientos dólares.

Ahondando más en el estudio de la legislación antigua y la vigente, esta misma corte, en el caso de *Valdivieso* v. *Rivera,* 19 D. P. R. 702, decidió que la cuantía de quinientos dólares fijada por la ley de marzo 10, 1904, que reorganizó el sistema judicial de la Isla, determina la jurisdicción de las cortes municipales para conocer de los asuntos civiles ordinarios, pero no de los regulados por leyes especiales.

Y, por último, en el caso de *Cruz* v. *Sucesión Kuinlan,* 29 D. P. R. 877, este tribunal decidió que eran las cortes de distrito las que tenían jurisdicción exclusiva para conocer de pleitos sobre nulidad del procedimiento ejecutivo hipotecario irrespectivamente de la cuantía envuelta en el litigio.

La cancelación de hipotecas se regula por la Ley Hipotecaria y su reglamento y aunque el caso es distinto del de los tres que hemos citado, los razonamientos que llevaron al tribunal a decidir en dichos tres casos que la jurisdicción exclusiva correspondía a las cortes de distrito, son aplicables.

Debe confirmarse la nota recurrida.

*Confirmada.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.