SATURNINO PEROCIER y su esposa SATURNINA M. DE PEROCIER, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 917.—*Sometido:* Marzo 9, 1934. *Resuelto:* Julio 11, 1934.

*Enrique Báez García,* abogado de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En el caso seguido en la Corte Municipal de Mayagüez por Baudilia Ramírez como madre con patria potestad de los menores Guillermo, Carmen Socorro, Rafael Julio, Inés Rita y Carmen María Sosa y Ramírez contra Saturnino Perocier y su esposa sobre cobro de dinero, se dirigió al Registrador de la Propiedad del Distrito un mandamiento que dice:

"POR CUANTO:—En el presente caso esta Corte Municipal dictó sentencia con fecha 9 de junio de 1933, a favor de los demandantes Guillermo, Carmen Socorro, Rafael Julio, Inés Rita y Carmen María Sosa y Ramírez, y librado mandamiento de ejecución al Márshal de la Corte, este funcionario vendió en pública subasta a dichos demandantes en 28 de julio del mismo año, por la suma de CIEN DOLLARS, todo el derecho, título e interés que tenían los demandados en la finca urbana que se describirá más adelante, otorgándose por el Márshal a los demandados la correspondiente escritura de venta judicial bajo el No. 121 y fecha 31 de julio de 1933, ante el Notario Sixto Charneco Murillo, la cual se inscribió en el Registro de la Propiedad al folio 204 del tomo 222 de Mayagüez, finca número 4581 Duplicado, inscripción quinta.

"POR CUANTO:—La finca vendida se describe de este modo: (se describe un solar de 226 metros cuadrados que contiene una casa terrera de madera).

"POR CUANTO:—Esta Hon. Corte por resolución de 23 de agosto de 1933, que se halla firme, a moción de los demandados, declaró nulo y sin ningún valor ni efecto legal el emplazamiento en dicho caso y en su consecuencia declaró nulos asimismo todos los procedimientos, sentencias, órdenes, etc., recaídos en el litigio con posterioridad y como consecuencia del servicio de emplazamiento diligenciado o practicado en dicho caso.

"POR CUANTO:—En virtud de lo expuesto, los demandados solicitaron, con la conformidad de los demandantes, que se declarase nula también la escritura de venta judicial y su inscripción en el Registro, decretándose la cancelación de tal inscripción, de manera que las cosas se restablezcan al mismo estado en que se hallaban antes del emplazamiento; y la Corte dictó la siguiente orden:

" 'Vista la moción de los demandados y la conformidad de los demandantes, la Corte declara NULA la escritura de venta judicial No. 121, de fecha 31 de julio de 1933, ante el Notario Sixto Charneco Murillo, y NULA también la inscripción de la misma, hecha en el Registro de la Propiedad al folio 204 del tomo 222 del municipio de Mayagüez, finca No. 4581 Duplicado, inscripción quinta, y decreta la cancelación de dicha inscripción, disponiéndose que por el Secretario se libren los oportunos mandamientos, por duplicado y con las inserciones necesarias, al Registrador de la Propiedad de Mayagüez, para que proceda a verificar las oportunas cancelaciones en los libros a su cargo.—Mayagüez, P. R., febrero 1 de 1934.—Firmado:—C. R. Colón, Juez Mpal. Mayagüez.'

"POR TANTO:—Por el presente se requiere a Ud., Registrador de la Propiedad de Mayagüez, para que proceda a verificar las cancelaciones dispuestas por la Corte."

El registrador se negó a hacer la cancelación por los siguientes motivos:

"Porque habiendo actuado dicha Corte Municipal sin jurisdicción por razón de la materia para dictar la Orden de cancelación de inscripción a que dicho mandamiento se contrae, toda vez que en asuntos que afectan a bienes de menores que se rigen por las provisiones del Código Civil, y en los de cancelación de inscripciones que se regula por la Ley Hipotecaria y su Reglamento, son las Cortes de Distrito las que tienen jurisdicción exclusiva para conocer de los asuntos de estas materias, por todo lo cual la referida Orden es NULA Y NO TIENE EFICACIA LEGAL ALGUNA. Artículo 229 del Código Civil y Marrero v. Registrador, 32 D.P.R. 891."

No conforme Saturnino Perocier, interpuso el presente recurso gubernativo.

Para sostener su calificación dice el registrador en su alegato que del registro consta que la finca de que se trata estuvo hipotecada para responder de la suma de quinientos dólares a favor de los menores, quedando cancelada por confusión de derechos la inscripción de la hipoteca a virtud de la venta que se anula.

Y agrega que del récord original del pleito que tuvo a la vista para la calificación por habérselo llevado el Lic. Charneco Murillo, aparece que declarada la nulidad por sentencia

·de la corte municipal de agosto 23, 1933, se emplazó de nuevo a los demandados y la corte volvió a dictar sentencia en favor de los demandantes en diciembre 15, 1933, sentencia que a su juicio curó, *nunc pro tunc,* los defectos que pudiera tener la de junio 9, 1933, y que quedó firme porque habiéndose apelado de ella para ante la corte de distrito, se desistió del recurso devolviéndose el caso a la corte municipal para ulteriores procedimientos.

De poderse tomar en consideración las constancias del registro y las del pleito a que el registrador se refiere, las cuestiones por él suscitadas requerirían tal vez algún estudio, pero dichas constancias no han venido a esta corte en forma auténtica y fehaciente y no pueden, por tanto, tomarse en consideración.

Podríamos obtener las del registro por medio de un auto para mejor proveer, y quizá exista algún medio para reclamar las del pleito. No estamos, sin embargo, convencidos de que la justicia exija que se adopte medida extraordinaria alguna en tal sentido.

██ Juzgado el caso por lo que resulta del mandamiento mismo, la jurisdicción de la corte municipal surge clara, a nuestro juicio. Ante ella acudieron los menores demandantes a ejercitar sus derechos, dictándose sentencia a su favor en un pleito en cobro de pesos, y era ante ella también que podían y debían acudir los demandados en dicho pleito en solicitud de que se declarara nula la sentencia dictada en el mismo. Y si la corte municipal actuó con jurisdicción al dictar la sentencia, claro es también que actuó con jurisdicción· al anularla.

Anulada la sentencia en ejecución de la cual se hizo la venta a favor de los menores que se inscribió en el registro, caen por su base la venta y su inscripción. Siendo ello así, no puede dársele a la conformidad de los demandantes el efecto de avenirse a vender una propiedad inmueble para la cual, tratándose de menores, hubiera sido necesaria la auto·

rización de la corte de distrito, según el artículo 229 del Código Civil, 159 Ed. 1930, citado en su nota por el Registrador.

 El caso de *Marrero* v. *Registrador,* 32 D.P.R. 891. que también cita el registrador en su nota no es aplicable porque aquí no se reclamó en la corte municipal la cancelación de ninguna hipoteca. Es cierto que si la finca vendida estaba hipotecada, al inscribirse la venta a favor del dueño de la hipoteca la inscripción de ésta quedaría cancelada por confusión de derechos, pero ello no quiere decir que el pleito se iniciara sobre cancelación de un gravamen hipotecario. El pleito versó sobre cobro de dinero y teniendo como tenía jurisdicción la corte municipal para conocer del mismo, tal jurisdicción se extiende a la adopción de todas las medidas necesarias para hacerla efectiva. Desde luego que anulada la venta llevada a efecto a virtud de la sentencia de la corte municipal, revive la hipoteca, si es que la finca vendida estaba hipotecada.

*Debe revocarse la nota recurrida.*