MARÍA NAZARIO, demandante y apelante, *v.* RAFAEL P. MUÑIZ, demandado y apelado.

Núm. 7626.—*Sometido:* Diciembre 9, 1938. *Resuelto:* Enero 13, 1939.

L. *Santiago Carmona,* abogado de la apelante; *Ramón S. Pesquera,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

En julio 1, 1931, la demandante otorgó escritura de hipoteca a favor del demandado para garantizar a éste la devolución de un préstamo de $500, más sus intereses al 1 por ciento mensual; y en 14 de octubre del mismo año constituyó una segunda hipoteca a favor del mismo demandado en garantía de otro préstamo por $250, a igual tipo de interés que el anterior.

En la demanda interpuesta en este caso la demandante alega que el demandado se comprometió a prestar a la demandante la suma de $750; que de esa suma el demandado retuvo $150 "como garantía de los intereses," y entregó el resto o sea $600 en efectivo a la demandante; que la demandante se comprometió a pagar los $600 por ella recibidos, a razón de $30 mensuales y que de acuerdo con lo estipulado "pagó todos y cada uno de los plazos convenidos y dejó totalmente pagada la obligación principal y los intereses el día 31 de

julio de 1933;'' pero que a requerimiento e insistencia del demandado le pagó además $30 en el mes de agosto, $35 en el de septiembre y $25 en el de octubre, 1933; y que no obstante haber sido pagado totalmente el crédito hipotecario, el demandado se ha negado a cancelar la hipoteca. Pide la demandante que se condene al demandado a otorgarle carta de pago y al pago de costas, gastos y honorarios de abogado.

Contestó el demandado negando los hechos esenciales de la demanda e interpuso una contrademanda en la que pide se condene a la demandante al pago del principal e intereses sobre los dos créditos hipotecarios, por $500 y $250 respectivamente, más las costas, gastos y honorarios. No habiendo la demandante contestado la contrademanda, se anotó su rebeldía.

Celebrada la vista y examinada la prueba testifical y documental ofrecida por una y otra parte, la corte inferior llegó a la conclusión de que la demandante había pagado al demandado un total de $440 para abonar a su deuda y que los créditos hipotecarios no habían sido pagados en su totalidad. Y en su consecuencia dictó sentencia desestimando la demanda, sin costas, y condenando a la demandante a pagar al demandado $60 como remanente del primer crédito de $500, más intereses al 1 por ciento mensual hasta la suma de $75; y la suma de $250 como importe del segundo crédito hipotecario, con intereses al 1 por ciento mensual y $125 para gastos, costas y honorarios de abogado.

En el presente recurso, interpuesto por la demandante, se imputa a la corte inferior la comisión de siete errores, que discutiremos en el mismo orden en que han sido expuestos.

En los dos primeros señalamientos se imputa a la corte sentenciadora el alegado error de haber admitido una contrademanda que a juicio del apelante no alegaba hechos suficientes para poder ser calificada como contrademanda, y sí como contestación.

No hubo error en la admisión de la contrademanda. La demandante alegó que ella había pagado al demandado el importe total de dos préstamos hipotecarios y solicitó se ordenase la cancelación de las hipotecas. El demandado contestó negando los hechos esenciales de la demanda y no habiendo recibido el importe de los préstamos, adicionó su contestación, presentando al mismo tiempo su contrademanda. Y esto lo hizo ajustándose a lo prescrito en los artículos 111 a 115 del Código de Enjuiciamiento Civil.

En el tercer señalamiento se alega que la corte de distrito carecía de jurisdicción para dictar sentencia en cuanto a la contrademanda por $250, importe de la segunda hipoteca, y que esa jurisdicción correspondía a la Corte Municipal de Bayamón.

Tampoco se cometió a nuestro juicio el alegado error. La corte de distrito tenía jurisdicción para conocer de la demanda, no solamente porque de acuerdo con sus alegaciones la cuantía envuelta excedía de $500, sino también por razón de la materia, por tratarse de una acción para la cancelación de créditos hipotecarios, sobre la cual carecen de jurisdicción las cortes municipales. Véase: *Marrero v. Registrador*, 32 D.P.R. 891. También tenía jurisdicción para conocer de la contrademanda, no solamente porque en ella se pedía sentencia por una suma mayor de $500, sino también porque habiendo adquirido jurisdicción por razón de la materia objeto de la demanda, la corte de distrito también la adquirió para dictar una sentencia por la cual quedasen fijados y definitivamente adjudicados los derechos de una y otra parte. No importa que el demandado haya reclamado más de $500 y que la prueba haya demostrado que en realidad se le adeudaba menos de esa suma. Es la suma reclamada la que determina la jurisdicción de la corte. *Turner v. Concejo Municipal de San Juan*, 24 D.P.R. 594 y *P. Millón & Co., Sucrs. v. Caamaño*, 38 D.P.R. 193, 199.

Los señalamientos cuarto, quinto y sexto se refieren a la apreciación que de la prueba hiciera el tribunal sen-

tenciador. Hemos examinado cuidadosamente la transcripción de la evidencia y encontramos que ésta es suficiente para sostener el fallo recurrido, sin que aparezca en manera alguna que en su apreciación se haya cometido error manifiesto o que el juzgador haya actuado bajo la influencia de pasión, prejuicio o parcialidad.

En el séptimo y último señalamiento se alega como error de la corte inferior el haber ésta condenado a la contrademandada al pago de $75 por intereses, costas y honorarios, por el primer crédito, más $125 por iguales conceptos en cuanto al segundo.

Del examen de las escrituras por las cuales se constituyeron los créditos ejecutados aparece que las cantidades estipuladas por las partes contratantes para pago de intereses, costas, gastos y honorarios de abogado en caso de reclamación judicial son las mismas concedidas por la corte inferior a la parte ejecutante. Siendo esas sumas líquidas y acordadas previamente por las partes contratantes, no hubo error en su concesión. Véanse: *Arsuaga* v. *Corte*, 43 D.P.R. 1001 y *Balet* v. *Dávila*, 44 D.P.R. 51.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Sr. Del Toro no intervino.