JUAN CANALS GONZÁLEZ, demandante y apelado, *v.* EPIFANIO VIDAL, SILVERIO V. LAGUERRA y GREAT AMERICAN INDEMNITY COMPANY, demandados y apelante la última.

Núm. 7927.—*Sometido:* Diciembre 7, 1939. *Resuelto:* Abril 3, 1940.

*J. Valldejuly Rodríguez,* abogado de la apelante; *García Méndez & García Méndez,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En pleito de daños y perjuicios entablado por Juan Canals González contra Epifanio Vidal, Silverio V. Laguerra y The Great American Indemnity Company, la Corte de Distrito de Aguadilla, con fecha 30 de agosto de 1935, dictó sentencia en favor del demandante y condenó a Silverio V. Laguerra y a The Great American Indemnity Company a pagar soli-

dariamente la suma de $625.82; condenó también a Laguerra a pagar $95 al demandante; e impuso las costas, incluyendo honorarios de abogado, a ambos demandados. El tercer demandado, Vidal, fué exonerado de responsabilidad, sin costas.

La compañía fiadora apeló y este tribunal confirmó la sentencia de la corte inferior. *Canals* v. *Vidal,* 53 D.P.R. 210. (Por error de imprenta aparece en el epígrafe de la opinión publicada que la sentencia de la corte inferior no incluía costas. De la opinión del Juez Presidente Sr. Del Toro, sin embargo, se puede ver que la sentencia se dictó "con más las costas, gastos y honorarios de abogado". *Canals* v. *Vidal,* supra, pág. 214.)

En mayo 31, 1938, se declaró sin lugar una moción de reconsideración.

El 4 de junio del referido año el Secretario de la corte de distrito recibió el mandato.

El 9 de junio el demandante radicó su memorándum de costas, que incluía $32.61 por varios gastos y $1,250 por concepto de honorarios de abogado. Según un certificado presentado por los letrados del demandante, en dicho día ellos remitieron copia del mismo a los demandados. El día señalado para la vista se presentó a ese efecto en evidencia un recibo del correo.

The Great American Indemnity Company radicó una oposición al memorándum de costas el 21 del referido mes. La corte señaló la vista para el 1 de julio.

The Great American Indemnity Company sometió por escrito su oposición.

Durante la vista el demandante solicitó se eliminara la oposición por haberse radicado fuera de tiempo. La corte se reservó su fallo y el demandante ofreció prueba en apoyo del memorándum.

El día 15 de julio la corte inferior dictó una orden eliminando la oposición por haberse radicado a destiempo; mas no obstante consideró el memorándum y redujo una de las

partidas a la mitad—el demandante había solicitado $2.44 por gastos de viaje de un testigo y la corte le concedió $1.22. Todas las demás partidas fueron consideradas, halladas razonables y aprobadas.

En lo relativo a la suma reclamada por concepto de honorarios de abogado, la corte dijo que tomaría en consideración varias cuestiones que discutiremos ahora.

Concedió $500 por concepto de honorarios de abogado: o sea la suma total de $531.39 a ser pagada mancomunada y solidariamente por Laguerra y The Great American Indemnity Company.

La compañía fiadora apeló. Según el escrito, la apelación se interpone contra la orden de la corte aprobando el memorándum de costas. Suponiendo que la orden incluyera la desestimación de la oposición de la demandada, en dicho escrito no se apelaba de ese extremo. Y aunque la demandada apelante dice en su alegato que la copia del memorándum fué recibida el 12 de junio, sosteniendo así que la oposición fué radicada en tiempo, no se insiste en que la corte inferior erró al desestimar la oposición. El único error señalado es:

"Abuso de discreción al aprobar las partidas del memorándum y fijar la cuantía de $500 para honorarios de abogado."

Sin embargo, en la discusión los argumentos de la demandada se dirigen exclusivamente a los honorarios de abogado.

La apelante insiste en que la corte no debió haber tomado en consideración la habilidad de los letrados del demandante. Repite lo mismo más tarde. Creemos que tal habilidad puede desempeñar algún papel en la determinación que haga la corte.

El hecho de que los letrados del demandante sean hombres muy hábiles que se especializan en casos de seguro, también puede desempeñar algún papel. Véase el caso de *Sucn. Franceschi* v. *Mario Mercado e hijos*, 41 D.P.R. 386.

■ También el crédito, la reputación y el prestigio *(standing)* de los letrados pueden ser tomados en consideración al fijar los honorarios de abogado.

La apelante contesta el razonamiento número dos de la corte—que durante el juicio la prueba presentada lo fué por el demandante y no por los demandados—alegando que los demandados ofrecieron prueba.

La transcripción de evidencia contiene 169 páginas. La prueba del demandante comprende 161 páginas. La de los demandados, que figura en las últimas ocho páginas, consiste de un certificado expedido por el Departamento del Interior, acreditativo de que el demandado Epifanio Vidal era dueño del automóvil al momento del accidente, y en la declaración de Julio Vidal, hermano del referido Epifanio. Toda esta prueba fué al efecto de que el automóvil no estaba siendo usado por Vidal en una empresa o negocio, sino privadamente. Esa prueba dió por resultado que se le absolviera y eximiera de responsabilidad. Mas no se presentó prueba en favor de los otros demandados Laguerra y The Great American Indemnity Company. Y cuando la corte inferior sentenció a esta última al pago de costas, probablemente tomó en consideración, no la evidencia presentada en favor de su codemandado Vidal, sino la ausencia de prueba para sostener su caso.

■ La apelante arguye que el hecho de que su moción para eliminar fuera frívola no debe ser tomado en consideración—en caso de que lo fuera, cosa que niega—porque de serlo, la parte contraria no tuvo dificultad alguna en conseguir que la misma se declarara sin lugar.

Una moción de eliminación frívola, en unión al hecho de que los demandados radicaron una larga contestación y luego dejaron de presentar prueba, puede todo tender a inducir al juez de la corte inferior a llegar a la conclusión de que los demandados deliberadamente obstruyeron la reclamación del demandante y actuaron temerariamente. En la imposición de costas la culpabilidad de una parte al obstaculizar

y demorar un pleito debe ser tomada en consideración. Las mociones de la demandada, que demoran el procedimiento, toman el tiempo de los letrados del demandante y éstos tienen que trabajar.

En lo que al cuarto motivo se refiere, la apelante sostiene que los letrados no tuvieron dificultad alguna en preparar sus alegatos ante la corte inferior; que el caso era uno simple de daños y perjuicios en que se reclamaron $905 y se concedieron $625.

En la transcripción de evidencia elevada a este tribunal en el incidente de costas, aparece que durante la vista sobre el memorándum se presentaron alegatos como prueba. El alegato de la demandada contiene 44 páginas. El del demandante en réplica cubre 17 páginas. Estos alegatos indujeron al juez de distrito a emitir una opinión escrita que comprende más de once páginas de los autos. La sentencia fué confirmada en todas sus partes por este tribunal (53 D.P.R. 210) y el Juez Presidente Sr. Del Toro, que emitió la opinión, copia en parte lo dicho por la corte de distrito. Es evidente que las cuestiones en controversia fueron cuidadosamente estudiadas por los letrados del demandante.

También es propio decir que en su alegato la apelante se refiere un número de veces a la sentencia e insiste en que ésta fué por la suma de $625. La sentencia fué dictada por $720.82—o sea $185 menos que el importe de la reclamación.

En lo que al sexto fundamento de la corte se refiere, al efecto de que en este caso los honorarios son eventuales, la apelante dice que no entiende lo que quiso decir con ello la corte, y creemos innecesario discutir este punto.

La apelante también plantea la cuestión de que el apelado no probó que hubiera pagado la suma de $500 a sus letrados. En realidad, conforme hemos resuelto, los honorarios de abogado pertenecen al cliente. *Casals* v. *Rosario*, 34 D.P.R. 77.

*Debe confirmarse la resolución apelada.*