GALIÑANES HNOS., INC., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1179.—*Sometido:* Enero 16, 1946. *Resuelto:* Enero 28, 1946.

*Juan E. Géigel* y *Guillermo Silva*, abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Por escritura de 15 de mayo de 1945 los esposos don César A. Calderón y doña Sila Serra de Calderón constituyeron una primera hipoteca voluntaria a favor de la corporación recurrente, Galiñanes Hnos., Inc. y de los tenedores de cada uno de los sesenta pagarés suscritos por los mencionados esposos a favor de dicha corporación. Los sesenta pagarés, que tienen un valor total de $160,000, representan parte del precio de ciertas propiedades vendidas por Galiñanes Hnos., Inc. a los otorgantes de la hipoteca que garantiza su pago.

Presentada la escritura para la inscripción de la hipoteca en el Registro de la Propiedad de San Juan, negóse el Registrador a inscribirla, por los motivos expuestos en la siguiente nota:

"DENEGADA la inscripción del documento en cuanto a la hipoteca se refiere, única operación solicitada, por los motivos siguientes: Primero: porque según la cláusula décimocuarta de la escritura se constituye hipoteca voluntaria a favor de Galiñanes Hermanos, Inc. y/o a favor del tenedor de cada uno de los 60 pagarés sobre la totalidad de cada uno de los bienes de dichos cónyuges que se describen en el documento, siendo la suma total de los pagarés en cuestión $160,000 de principal y otras responsabilidades.—Segundo: porque si bien por la cláusula décimoséptima se hace una distribución de la responsabilidad hipotecaria entre todas las propiedades afectadas por la hipoteca mencionada, tal distribución resulta ilusoria e inútil ya que de acuerdo con la cláusula décimocuarta todos los bienes responderán de todos y cada uno de los pagarés, infringiéndose de ese modo lo dispuesto en el artículo ciento diecinueve de la Ley Hipotecaria, cuya disposición es irrenunciable por el deudor según se ha resuelto repetidamente por la jurisprudencia y sostenido por los Comentaristas de la propia Ley.—Tercero: porque si aceptáramos que pueda ser inscrita la hipoteca de referencia, en

la forma en que aparece constituída, privaríamos al deudor y a los terceros adquirente de liberar del gravamen cualquiera de las propiedades hipotecadas, toda vez que aún pagando el importe de la responsabilidad de la propiedad que se trate de liberar continuaría afecta al pago de las demás obligaciones o pagarés insolutos de la serie que garantiza la hipoteca a que nos hemos venido refiriendo; y en su lugar tomo anotación preventiva por ciento veinte días, al folio 109 vto., tomo 108 de Santurce Sur, finca núm. 4423, Anot. A. Afecta la finca solamente a la hipoteca aquí constituída. San Juan, noviembre 14 de 1945."

La recurrente solicita la revocación de dicha nota.

Las cláusulas Décimocuarta y Décimoséptima de la escritura, a las cuales se refiere la nota recurrida, disponen lo siguiente:

"Décimocuarta: Para garantizar el fiel y completo pago de todos y cada uno de los sesenta pagarés numerados del uno al sesenta que antes se han reseñado en esta escritura, el primero de los cuales se ha transcrito literalmente en la cláusula sexta anterior, y cuyo importe total de principal asciende a la suma de Ciento Sesenta Mil Dólares, y para garantizar igualmente las demás responsabilidades por concepto de intereses y costas y honorarios que se especificarán en las cláusulas siguientes, don César A. Calderón y doña Sila Serra de Calderón, por la presente constituyen una primera hipoteca voluntaria a favor de Galiñanes Hermanos, Inc. y/o a favor del tenedor de cada uno de dichos sesenta pagarés, sobre la totalidad de cada uno de los bienes de dichos cónyuges que se enumeran a continuación:"

Continúa la cláusula décimocuarta describiendo en cinco párrafos distintos, numerados del 1 al 5, las propiedades sobre las cuales se constituye la hipoteca.

"Décimoséptima: Dicha responsabilidad hipotecaria total de Doscientos Diez Mil Trescientos Noventa y Nueve Dólares con Ochenta y Cuatro Centavos se distribuye entre las varias propiedades afectadas por la hipoteca en la proporción que se indica a continuación:"

Siguen cinco párrafos, numerados del 1 al 5, en los cuales se distribuye la responsabilidad hipotecaria entre las propiedades descritas en la cláusula décimocuarta, indicándose

específicamente la cantidad por la cual habrá de responder cada uno de los bienes hipotecados.

La recurrente admite en su alegato, que de acuerdo con lo estipulado en la cláusula décimocuarta, supra, la hipoteca total constituída en virtud de esa cláusula "responderá del pago de todos y cada uno de los sesenta pagarés que se reseñan en la escritura", pero insiste en que esa estipulación en modo alguno convierte en ilusoria e inútil la distribución de la responsabilidad hipotecaria requerida por el artículo 119 de la Ley Hipotecaria. Alega además la recurrente que el único propósito de la disposición contenida en la cláusula décimocuarta es el de "mantener vigente el gravamen hipotecario hasta tanto haya sido satisfecho el último pagaré de la Serie de Sesenta".

El efecto práctico de la estipulación contenida en la cláusula décimocuarta es, según lo admite la recurrente, "que cada uno de los bienes hipotecados permanecerá gravado hasta que sea pagado el último pagaré de la Serie de Sesenta", aún cuando cada una de las propiedades hipotecadas responderá únicamente de la cantidad que se le ha asignado en la cláusula décimoséptima. Por ejemplo, la finca descrita bajo el número 1, que es un solar de 815.81 metros cuadrados, con todas las edificaciones que en el mismo existen, responderá de la suma de $45,000, pero deberá permanecer gravada por la hipoteca hasta que la obligación hipotecaria haya sido totalmente solventada.

La recurrente no cita precepto legal alguno en apoyo de la legalidad de lo estipulado en la cláusula décimocuarta. Alega, sin embargo, que no existe ningún precepto de ley que prohiba hacer lo que las partes han convenido por virtud de dicha cláusula, o sea, que cada una de las propiedades hipotecadas permanecerá afecta al gravamen hipotecario hasta que se haya pagado el último pagaré.

Al aprobar el artículo 119 de la Ley Hipotecaria, el cual requiere que "cuando se hipotequen varias fincas a la vez

por un solo crédito, se determinará la cantidad o parte de gravamen de que cada una deba responder", el legislador tuvo el propósito de proteger al deudor, concediéndole el derecho de liberar cualquiera de las fincas hipotecadas tan pronto como la obligación que pese sobre ella quede totalmente satisfecha. El artículo 124 de la misma Ley reconoce expresamente ese derecho; y para hacerlo más efectivo, el artículo 164 del Reglamento para la Ejecución de la Ley Hipotecaria dispone que los registradores no inscribirán ninguna hipoteca si en ella no se ha cumplido el precepto del artículo 119 de la Ley. *Muriente* v. *Yumet*, 58 D.P.R. 617.

En *Ortiz* v. *Registrador*, 16 D.P.R. 676, decidió esta Corte que el mandato del legislador, aun cuando ha sido acordado en beneficio del deudor, no podía ser renunciado por éste.

En *Crédito y Ahorro Ponceño* v. *Registrador*, 30 D.P.R. 137, la hipoteca presentada al registro contenía una cláusula en la cual se especificaba la cantidad de que debía responder cada finca, pero se pactó además "que las fincas hipotecadas responderán todas y cada una del total de las responsabilidades" y "que no se cancelará parcialmente el gravamen establecido sobre estas propiedades, sino cuando el total de la deuda y sus intereses hubieren sido pagados". Esta Corte confirmó la nota denegatoria de la inscripción, diciendo:

"Se alega que en este caso se cumplió con lo exigido por la ley. Es cierto, pero también lo es que acto seguido se anuló tal cumplimiento."

Lo mismo podemos decir en el caso de autos. En la cláusula décimoséptima se cumplió con lo exigido por el artículo 119 de la Ley Hipotecaria. El efecto legal de la cláusula décimocuarta es anular dicho cumplimiento. Véanse: Galindo, Legislación Hipotecaria, Tomo 3, págs. 261 y 262; 4 Morell, Legislación Hipotecaria, 11 *et seq.*

*El Registrador actuó correctamente al negarse a practicar la inscripción. La nota recurrida debe ser confirmada.*