ESTADOS UNIDOS DE AMÉRICA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1187.—*Sometido:* Junio 17, 1946. *Resuelto:* Julio 16, 1946.

*Philip F. Herrick* y *A. Castro Fernández,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Gobierno de Estados Unidos compró a la Sucesión Latorre, todos mayores de edad, por el precio aplazado de $324, una parcela de terreno radicada en el Barrio Culebrinas, de San Sebastián, habiéndose inscrito la venta en el Registro de la Propiedad de Aguadilla. Posteriormente Estados Unidos anunció a los vendedores que estaba en condiciones de hacer el pago y que de no aceptarlo procedería a consignar en corte el dinero. Se negaron algunos de los vendedores a aceptar dicho pago y el demandante consignó en la corte municipal de San Sebastián el precio de la venta. La corte, después de emplazados los demandados y no habiendo comparecido a juicio, por la prueba del demandante declaró bien hecha la consignación y dictó sentencia ordenando al Registrador cancelara en los libros del Registro cualquier mención que apareciera en ellos del precio aplazado de la venta de los bienes a Estados Unidos. El Registrador se negó a cumplir la orden a virtud de la siguiente nota:

"Denegada la cancelación ordenada en este caso, por entender que la resolución de la Corte Municipal de San Sebastián, es nula por carecer de jurisdicción por razón de la materia, tomando en su lugar anotación preventiva por ciento veinte días, al folio 192 vuelto del tomo 84 de San Sebastián, finca número 4630 anotación letra A. *Véase Marrero v. Registrador de Mayagüez*, 32 D.P.R. 891 y *Muriente v. Yumet*, 58 D.P.R. 617. Aguadilla, a 2 de mayo de 1946. (f) José A. Vargas, Registrador."

Contra esta nota se interpuso el presente recurso.

De acuerdo con la sección 4 de la ley de 1904 reorganizando el sistema judicial de Puerto Rico, las cortes municipales tienen jurisdicción "en todos los asuntos civiles que se promuevan en su distrito hasta la suma de 500 dólares, intereses inclusive." Interpretando el alcance de la frase

"todos los asuntos civiles" resolvimos en *García* v. *Registrador,* 23 D.P.R. 426, que no incluía una demanda solicitando se ordene a un menor el otorgamiento de la escritura de venta de un bien inmueble, vendido por su padre, aun cuando el precio de la venta sólo ascendía a $100 y posteriormente en *Pujals Carlo* v. *Corte,* 40 D.P.R. 92, 96, después de ratificar el de *García,* supra, dijimos: "Revisando nuestra jurisprudencia sólo otro asunto civil encontramos excluído de las palabras 'todos los asuntos civiles,' usadas en la ley; el de la ejecución de una hipoteca."

En los casos de *García* v. *Fernández,* 8 D.P.R. 106; *The Juncos Central Co.* v. *Del Toro,* 30 D.P.R. 330, y *Pérez* v. *Corte,* 47 D.P.R. 580, hemos resuelto que las cortes municipales tienen jurisdicción para conocer de procedimientos de consignación cuando la suma es menor de $500.

Los casos citados por el registrador, *Marrero* v. *Registrador,* 32 D.P.R. 891, y *Muriente* v. *Yumet,* 58 D.P.R. 617, no son aplicables a los hechos del de autos por tratarse en ellos de cancelaciones de hipotecas sobre las cuales ya hemos resuelto que las cortes municipales no tienen jurisdicción. Aquí no se trata de una cancelación de hipoteca ni de ninguna otra forma de enajenación de bienes de menores. La enajenación del inmueble fué hecha voluntariamente cuando el Gobierno de los Estados Unidos compró la finca a la Sucesión Latorre. De lo que ahora se trata es de acreditar el pago del precio aplazado que los demandados se negaron a recibir. La corte municipal tenía jurisdicción en dicho caso.

*Debe revocarse la nota recurrida y ordenarse al registrador el cumplimiento de la orden dictada por la Corte Municipal de San Sebastián.*

El Juez Asociado Sr. Snyder se inhibió.