VICTORIA .PLAUD VDA. DE ANSELMI, recurrente *v.* EL REGISTRADOR DE LA PROPIEDAD INTERINO DE GUAYAMA, recurrido.

Núm. 1276.—*Sometido:* Junio 1, 1951.` *Resuelto:* Junio 26, 1951.

---

690

*Domínguez & Domínguez,* abogados de la recurrente; el Registrador recurrido no compareció.

EL JUEZ PRESIDENTE INTERINO SEÑOR TODD, JR., emitió la opinión del tribunal.

El Tribunal Municipal de Puerto Rico, Sala de Guayama, dictó sentencia por consentimiento, declarando con lugar la demanda que sobre declaración de extinción de deuda, cancelación y otros extremos radicó Victoria Plaud Vda. de Anselmi contra Domingo Mundo Rodríguez, por sí y como heredero de su finada esposa Josefa Gliváu y la hija de éstos Mercedes Mundo Gliváu. En la demanda se alegó, en síntesis, que por escritura pública otorgada el 5 de agosto de 1938 la demandante vendió por $200 a Domingo Mundo Rodríguez, casado con Josefa Gliváu, una casa de madera enclavada en solar del Municipio de Guayama y que dicha venta fué inscrita en el Registro de la Propiedad de Guayama; que no obstante haberse hecho constar en la escritura que el contrato celebrado era uno de compraventa, la realidad es que el mismo era uno de préstamo con garantía de la propia finca, según se hizo constar en un documento privado suscrito por Domingo Mundo Rodríguez y Josefa Gliváu, el cual se copia en la demanda y en el que se convino que si en el término de dos años Victoria Plaud Vda. de Anselmi les devolvía los $200 con sus intereses al tipo de 9 por ciento anual, los esposos Mundo Gliváu vendrían obligados a otorgarle escritura de venta nuevamente. Se alegó, además, que la demandante pagó a sus acreedores la cantidad de $200 y sus intereses y que habiendo fallecido Josefa Gliváu, los de-

mandados habían sido declarados judicialmente sus herederos y por último, que los demandados no han otorgado la escritura de venta o de cancelación de deuda a la demandante.

Los demandados contestaron dicha demanda aceptando como ciertos todos los hechos alegados y allanándose a que se dictara sentencia, sin condena en costas y honorarios de abogado y consintiendo en que el márshal de la corte otorgara, si era necesario, la escritura correspondiente. También renunciaron los demandados al término de apelación y a que la sentencia se considere firme.

Dictada sentencia de conformidad con las alegaciones de la demanda y el allanamiento de los demandados, la corte ordenó la cancelación de la inscripción que a favor de Domingo Mundo Rodríguez, casado con Josefa Gliváu, existía en el registro. Expedido mandamiento al efecto, el Registrador de la Propiedad de Guayama denegó la cancelación porque "tratándose en el presente caso de un procedimiento que envuelve una cancelación de un derecho de posesión (sic) inscrito en el Registro en favor del demandado don Domingo Mundo Rodríguez y su esposa doña Josefa Gliváu, ésta representada por su legítima heredera Mercedes Mundo Gliváu, el Tribunal Municipal de Puerto Rico, Sección de Guayama, carece de jurisdicción exclusiva para decretar la cancelación del asiento de compraventa a favor de dichos esposos; y que ni aun el mero allanamiento y consentimiento de los demandados concede a dicho Tribunal jurisdicción para decretar la cancelación ordenada . . ."

La demandante interpuso el presente recurso gubernativo para revisar dicha nota.

El registrador recurrido no ha radicado alegato en este recurso, empero suponemos que su denegatoria se basa en el hecho de que, habiéndose alegado por la demandante en la demanda presentada ante el Tribunal Municipal de Puerto Rico, Sala de Guayama, que el contrato celebrado por ella con Domingo Mundo Rodríguez y su esposa no fué uno de

compraventa sino uno de préstamo por $200, con garantía hipotecaria sobre la casa y habiéndose convenido, además, la retroventa de la casa, tan pronto la demandante pagara los $200 más intereses al 9 por ciento anual dentro de los dos años de otorgada la escritura, hechos que fueron admitidos por los demandados, en efecto se trata de una cancelación de dicha hipoteca para ordenar la cual carecía de jurisdicción el tribunal municipal. Así lo hemos resuelto en los casos de *Marrero* v. *El Registrador de Mayagüez*, 32 D.P.R. 891; *Muriente* v. *Yumet*, 58 D.P.R. 617; *Nazario* v. *Muñiz*, 54 D.P.R. 51; *cf. Estados Unidos de América* v. *Registrador*, 66 D. P.R. 433, 435.

Que el Tribunal Municipal de Puerto Rico, Sala de Guayama, trató el caso como uno de cancelación de hipoteca aparece afirmativamente de su sentencia al resolver que la escritura otorgada por las partes no entraña o comprende un contrato de compraventa sino uno de préstamo por $200, con garantía del inmueble por dos años con intereses al 9 por ciento anual. Declaró, además, la corte en su sentencia "que tanto el principal como los intereses del préstamo referido fueron pagados durante el término de dicho contrato por la demandante deudora a los citados Domingo Mundo Rodríguez y Josefa Gliváu, esposa del acreedor, de dichos demandantes (sic). En su consecuencia, se declara extinguida por pago la deuda referida anteriormente y se ordena la cancelación de la inscripción que a favor de don Domingo Mundo Rodríguez, casado con Josefa Gliváu, se llevara a cabo por el Registrador de la Propiedad de Guayama . . ."

De manera que, en todos sus aspectos, el caso fué tratado tanto por las partes como por la corte, como uno de venta con pacto de retroventa, bajo las disposiciones del artículo 1410 del Código Civil, ed. de 1930, el cual dispone:

"Toda venta de propiedad inmueble con pacto de retroventa se presumirá que constituye un contrato de préstamo por el

montante del precio, con garantía hipotecaria de la finca vendida, en cualquiera de los casos siguientes:

*"Primero:* Cuando el comprador no hubiere entrado en posesión material de la cosa vendida...

*"Segundo:* Cuando el vendedor pague interés al comprador por el precio de la venta, aunque se denomine canon de arrendamiento o se le dé otro nombre cualquiera.

*"Tercero:* Cuando se hiciere figurar en el contrato, como precio de enajenación una cantidad enteramente inadecuada."

Siendo ello así, y de acuerdo con los casos antes citados, carecía de jurisdicción el Tribunal Municipal de Puerto Rico, Sala de Guayama, para conocer del caso en que ordenó la cancelación de la inscripción existente en el Registro de la Propiedad de Guayama, no obstante el allanamiento de los demandados.

*Debe confirmarse la nota recurrida.*