LUISA BRUNET VDA. DE DE LA HABA, hoy REGINA KERSCHER, demandante y apelada, *v.* SUCESIÓN DE ANTOLÍN NIN MARTÍNEZ, compuesta de sus únicos herederos, sus hijos SALVADOR R. NIN, DOLORES, JOSÉ, MARÍA DE LOS ÁNGELES, MILAGROS y AURORA NIN Y RUIZ, demandados y apelante la antepenúltima.

Núm. 7933.—*Sometido:* Diciembre 13, 1940. *Resuelto:* Diciembre 19, 1940.

*Edelmiro Soldevila,* abogado de la apelante; *Dubón & Ochoteco y Otero Suro & Otero Suro,* abogados de la apelada.

El Juez Asociado Señor de Jesús emitió la opinión del tribunal.

Esta acción se estableció contra los herederos de Antolín Nin Martínez en cobro de un préstamo por $10,000, con intereses que originalmente fueron convenidos a razón de 1 por ciento mensual pero que más tarde, por convenio entre las partes, se redujeron al tipo de 8 por ciento anual, plazo de cuatro años que venció el 23 de marzo de 1930, garantizado con hipoteca que se constituyó por escritura número 23, de 23 de marzo de 1926, ante el notario Miguel García González. La demandada María de los Ángeles Nin contestó la demanda haciendo una negación general, y como defensa especial interpuso excepción previa de insuficiencia de hechos para constituir una causa de acción. Los demás codeman-

dados no comparecieron, y anotada su rebeldía, posteriormente se dictó la correspondiente sentencia contra ellos. Continuó el caso contra María de los Ángeles Nin Ruiz, señalándose el juicio para el 14 de noviembre de 1938. Al llamarse la vista del caso, la demandada, aquí apelante, manifestó que desistía de su contestación, procediéndose entonces a oír la prueba de la demandante, esta última ya sustituída por M. Regina Kerscher. El 23 del mismo mes se dictó una sentencia contra esta demandada, condenándola "como heredera universal de don Antolín Nin Martínez, a pagar a la demandante $10,000 de principal del préstamo, $1,799.86 por intereses devengados y vencidos desde agosto 23, 1936, hasta octubre de 1938, a razón de 8 por ciento anual, más los que se devenguen a igual tipo hasta el pago total de la deuda, más $1,000 de crédito adicional para pagar las costas, gastos y honorarios de abogado, cuya suma fué convenida y aceptada por las partes en el contrato de hipoteca."

Fué contra dicha sentencia que la apelante interpuso el presente recurso. Fundamentándolo, sostiene que en el juicio no se probó el fallecimiento de Antolín Nin Martínez, que los demandados fueran sus únicos y universales herederos ni tampoco la falta de pago a la acreedora original del préstamo que se reclama; que no se dispone en la sentencia que los bienes hipotecados se vendan en pública subasta en defecto de pago; que la sentencia apelada es individual, recae exclusivamente sobre la apelante y no se dictó en forma complementaria a la dictada antes contra los otros demandados, y finalmente, que de no considerarse ésta como una acción de ejecutivo hipotecario por la vía ordinaria, no procede la condena de $1,000 para costas y honorarios de abogado.

Juntamente con el recurso en sus méritos nos fué sometida una moción de la apelada solicitando su desestimación por no haberse notificado a los codemandados con copia del escrito de apelación. Presentó la apelada *affidavits* suscritos por los demás codemandados creditivos de que la apelante en

ningún momento los había notificado con copia del escrito de apelación.

Procederemos a considerar en primer término la moción de la apelada, por envolver una cuestión jurisdiccional, para luego considerar el recurso en sus méritos en caso de que la moción sea desestimada.

■■■ Idéntica cuestión fué levantada en el caso de *Iparraguirre* v. *Nin*, resuelto por este tribunal el día 16 del actual (ante, pág. 759). La responsabilidad de los herederos por las deudas de su causante es de carácter solidario (*Hernández et al.* v. *Cuebas et al.*, 16 D.P.R. 546, 547), y aunque en la sentencia nada se expresó sobre este particular, si esta corte decidiese confirmarla, tendría antes que modificarla de forma que la obligación de la apelante se entienda mancomunada y solidariamente con la de los demás coherederos que no han apelado. Siendo como es la de la apelante una obligación solidaria, en caso de revocarse la sentencia en nada podría perjudicar a los demás coherederos, quienes podrían reclamar de la apelante la parte correspondiente de su obligación. Si por el contrario la sentencia fuere confirmada, la situación existente al dictarse la de la corte inferior no podría ser afectada. Por consiguiente, los demás coherederos no son partes adversas o contrarias a la apelante, con derecho a ser notificados del recurso por ella interpuesto. *Iparraguirre* v. *Nin*, supra. Por lo expuesto, procede denegar la moción de desestimación.

■■ Procederemos ahora a considerar el recurso en sus méritos.

Al llamarse este caso a juicio oral en la corte inferior, antes de que la demandante procediese a presentar su prueba, el Lic. Edelmiro Soldevila, abogado de la apelante, dirigiéndose al tribunal hizo la siguiente manifestación:

"Dda. (Edelmiro Soldevila.) Nosotros ahora hemos tenido conversaciones con la otra parte y como resultado de las mismas vamos a desistir de la contestación. Hemos llegado a un acuerdo, a un entendido, y vamos a desistir."

Se procedió a oír inmediatamente la declaración de la demandante. Depuso la Sra. Kerscher que la hipoteca estaba vencida; que ni el capital ni los intereses le han sido satisfechos y que aunque ella personalmente no ha hecho gestiones de cobro, las hizo la Sra. de la Haba. Al terminar su declaración la Sra. Kerscher, el Juez, dirigiéndose al Sr. Soldevila, dijo:

"Juez: ¿Alguna pregunta de la parte demandada?
"Dda.: (Edelmiro Soldevila.) No, señor."

La declaración de la demandante tiende a probar que la deuda estaba vencida y no había sido satisfecha a la Sra. de la Haba, pues si ésta la hubiera cobrado, no podría decir la Sra. Kerscher el día del juicio que la deuda estaba vencida y no satisfecha. (T. de E., pág. 3.) Además, la propia apelante, por el mismo abogado que ahora la representa, al empezar el juicio manifestó, como hemos visto, que desistía de su contestación por haber llegado a un acuerdo o entendido con la demandante. Es lógico concluir que si su representada nada debía a la demandante por haber sido pagada la deuda anteriormente a la Sra. de la Haba, no hubiera desistido de su contestación ni tenía por qué celebrar un convenio con la parte demandante que le cobraba una deuda ya satisfecha. Si el abogado de la apelante hubiese deseado que la Sra. Kerscher fuese más específica en su declaración, bien pudo, cuando se lo indicó la corte, repreguntarle sobre ese extremo, cosa que entonces estimó él innecesaria.

Se presentó en evidencia el *exhibit* 4 de la demandante, consistente en una certificación del Registrador de la Propiedad de San Juan, sección primera, de fecha 31 de agosto de 1937, de la que aparece que la finca hipotecada se halla inscrita a favor de los demandados, incluyendo desde luego a la apelante, por partes iguales, a título de herencia de Antolín Nin Martínez. Quizás pudo presentarse copia certificada de la resolución de la Corte de Distrito de San Juan de fecha 4 de junio de 1931, recaída en el caso civil número

14730, por la que se declaró a los demandados únicos y universales herederos de don Antolín Nin Martínez, resolución que se menciona en la escritura núm. 16, de 2 de mayo de 1938, por la cual el crédito objeto de este pleito fué cedido a la demandante Sra. Kerscher; pero a nuestro juicio de la evidencia en este caso presentada resulta satisfactoriamente probada la deuda de la apelante, y como dicha apelante no objetó a la presentación de esa evidencia y por el contrario manifestó a la corte, como hemos visto, haber llegado a un acuerdo o entendido con la demandante, y como los otros demandados consintieron la sentencia al no establecer recurso alguno contra la misma, en el supuesto de que dicha certificación del registro de la propiedad no fuese la mejor prueba, no nos sentimos obligados a revocar la sentencia por ese solo fundamento.

■ Una mera lectura de la demanda en este caso presentada nos llevará a la conclusión de que la acción ejercitada no es la real hipotecaria como arguye la apelante, sino una simple acción personal en cobro de un préstamo garantizado con hipoteca, pues no se solicitó que el inmueble hipotecado fuese vendido para satisfacer la deuda.

■ No erró la corte sentenciadora al imponer la condena de costas y honorarios de abogado montante a $1,000, pues de la escritura de préstamo con hipoteca resulta que esa cantidad fué la convenida por los contratantes en la escritura de hipoteca, contrato que no sólo obligó al causante Sr. Antolín Nin Martínez, si que también a sus herederos. Véase el caso de *Iparraguirre* v. *Nin*, supra, donde se discuten ampliamente las dos cuestiones últimamente discutidas.

■ Convenimos con la apelante en que la sentencia dictada debió serlo condenando a esta demandada apelante a pagar las indicadas sumas mancomunada y solidariamente con sus demás coherederos, pero éste no es un error que justifique la revocación de la sentencia, ya que esta corte, al considerar un caso en grado de apelación, puede dictar la que originalmente debió haber dictado la corte sentenciadora, y por

consiguiente procede que modifiquemos la sentencia apelada, de suerte que la apelante sea condenada a pagar a la demandante las cantidades en ella especificadas, mancomunada y solidariamente con los demás herederos de Antolín Nin Martínez, y como complemento de la sentencia que en rebeldía fué dictada contra dichos herederos.

*Así modificada, procede desestimar el recurso y confirmar la sentencia apelada.*