La Corporación de Renovación Urbana y Vivienda de Puerto Rico, demandante y peticionaria, *v.* Ramón Torres Pérez e Inés Cubano Reyes, Etc., demandados y recurridos.

*Número:* O-81-285     *Resuelto:* 3 de noviembre de 1981

*Martínez Álvarez, Fernández Paoli, Menéndez Monroig, Menéndez Cortada & Lefranc Romero,* y *José Ramón Quiñones Coll,* abogados de la peticionaria; *Antonio Pérez Bayón,* abogado de los recurridos.

El Juez Asociado Señor Díaz Cruz emitió la opinión del Tribunal.

La corporación recurrente presentó ante el Tribunal

Superior, Sala de Arecibo, demanda titulada como "Ejecución de Hipoteca por la Vía Ordinaria" que termina solicitando la venta en pública subasta de un solar en Barceloneta perteneciente a los deudores recurridos y gravado con la hipoteca que se ejecuta para satisfacer el balance impagado de principal de $4,570.17, intereses y créditos accesorios. A solicitud de los demandados que caracterizó el pleito como uno en cobro de dinero en que la cuantía en controversia no excede de diez mil dólares, 4 L.P.R.A. sec. 181(2), la juez de instancia trasladó el caso al Tribunal de Distrito, Sala de Arecibo.

Al recurso de la demandante, el 11 de junio, 1981 dictamos la siguiente resolución:

> Considerando que la acción ejercitada por la acreedora C R U V es la especial en cobro o ejecución de su crédito hipotecario por la vía ordinaria, dirigida tan solo contra el inmueble gravado con la hipoteca, y no la acción civil ordinaria en cobro de dinero; vistos los arts. 201 y 202 de la Ley Hipotecaria (30 L.P.R.A. secs. 2701 y 2702) y nuestras decisiones en *Vda. de Carlo* v. *Toro*, 99 D.P.R. 200 (1970); *Morales* v. *Cabrera*, 53 D.P.R. 94 (1938), y *Brunet* v. *Sucn. Nin*, 57 D.P.R. 804 (1940); los demandados recurridos tendrán de término hasta el 10 julio, 1981 para mostrar causa por la que no deba anularse el traslado decretado del Tribunal Superior al de Distrito, de la Sala de Arecibo.

El escrito contestación de la parte recurrida nos convence de que toda esta controversia sobre competencia de sala tiene su origen en la inadvertencia por los promoventes del traslado y en consecuencia por el Tribunal, de la enmienda introducida al Art. 201 de la Ley Hipotecaria por Ley Núm. 143 de 14 junio, 1980 que más adelante analizamos.

Nuestro Derecho inmobiliario provee tres medios para la realización del crédito hipotecario: el ejecutivo sumario, la acción civil hipotecaria y la acción civil ordinaria en cobro de dinero. La acción ejercitada en este caso

es la de ejecución de hipoteca por la vía ordinaria, (¹) que es de naturaleza mixta real y personal, como tal clasificada en *Vda. de Carlo* v. *Toro*, 99 D.P.R. 200, 217 (1970), pues así lo determina la solicitud de remedio en la demanda que no es otro que la venta en pública subasta del inmueble gravado. *Brunet* v. *Sucn. Nin*, 57 D.P.R. 804, 809 (1940). Se dirige tan solo contra el inmueble afecto a la hipoteca y está, por tanto, regulada por el Art. 201 de la Ley Hipotecaria, 30 L.P.R.A. sec. 2071, cuyas disposiciones aplicables al procedimiento sumario así como al de vía ordinaria, en lo pertinente ordenan:

> Vencido en todo o en parte, un crédito hipotecario, o sus intereses, el procedimiento para su ejecución y cobro, en cuanto se dirija tan sólo contra los bienes gravados con la hipoteca, se ajustará a las disposiciones de esta ley.
> También podrá utilizar el acreedor hipotecario, a su elección, la vía judicial ordinaria para el cobro de su crédito, en cuyo caso serán aplicables únicamente los siguientes artículos: 202. . . .

En la Ley Hipotecaria original de 1979 el segundo párrafo transcrito se limitaba al siguiente texto:

> También podrá utilizar el acreedor hipotecario, a su elección la vía judicial ordinaria para el cobro de su crédito.

Mas por Ley Núm. 143 de 14 junio, 1980 se le añadió la cláusula "en cuyo caso serán aplicables únicamente los siguientes artículos: 202 . . ." (*supra*). Este Art. 202 (30 L.P.R.A. sec. 2702) trata exclusivamente de jurisdicción y en forma taxativa declara:

> Tendrá jurisdicción y competencia exclusiva para conocer del procedimiento sumario hipotecario, cualquiera que sea la cuantía de la obligación, la Sala del Tribunal Superior en cuya circunscripción territorial radiquen todos los bienes

---

(¹) A esta acción se le llamó acción real hipotecaria en *Brunet* v. *Sucn. Nin*, 57 D.P.R. 804 (1940), y acción *quasi in rem* en *Morales* v. *Cabrera*, 53 D.P.R. 94, 100 (1938).

hipotecados, sin que se admita, en forma alguna, sumisión en contrario.

▉ El efecto de esta enmienda fue remitir la acción civil hipotecaria[2] a la competencia exclusiva del Tribunal Superior, y a tal extremo mantener los criterios históricos de legislación anterior que admitía la cuantía como índice determinante de jurisdicción (entonces) entre el Tribunal de Distrito y el Municipal[3] únicamente en la acción civil en cobro de dinero, y excluía la competencia de las Cortes Municipales, cuya jurisdicción no es general, sino limitada, para conocer de asuntos regulados por la Ley Hipotecaria. *Valdivieso* v. *Rivera*, 19 D.P.R. 702, 707 (1913); *Cruz* v. *Sucesión de Gregorio Kuinlan*, 29 D.P.R. 877, 879 (1921); *Muriente* v. *Yumet*, 58 D.P.R. 617, 621 y ss. (1941); *Nazario* v. *Muñiz*, 54 D.P.R. 51, 54 (1939).

A tenor de la vigente Ley Hipotecaria y del Registro de la Propiedad de 1979, el Tribunal Superior es foro de competencia exclusiva para conocer, tanto del procedimiento sumario hipotecario como de la acción civil ordinaria sobre ejecución de hipoteca.

*Con estos antecedentes y fundamentos se expedirá el auto de certiorari, la resolución de traslado recurrida será anulada, y el caso remitido al Tribunal Superior para continuación de procedimientos compatibles.*

---

[2] Procedimiento *ejecutivo ordinario* lo llama Roca Sastre. *Derecho Hipotecario*, 7ma ed., Barcelona, Ed. Bosch, 1979, T. IV, Vol. II, pág. 1047.

[3] Hoy Superior y de Distrito. 4 L.P.R.A. secs. 121 y 181 (Ley de la Judicatura de 1952). Respecto al término "jurisdicción" que el legislador utiliza en el Art. 202 de la Ley Hipotecaria, recordamos que a partir de la Ley de la Judicatura este vocablo usado con especialidad, no tiene otro significado que el de *competencia*, toda vez que la más importante orientación procesal de dicho estatuto orgánico fue eliminar las distinciones jurisdiccionales mediante la unificación del sistema judicial. *Pueblo* v. *Tribunal Superior*, 84 D.P.R. 140, 145–146 (1961).