González Román, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
International Institute of Americas, Inc. y otros (IIA), solicitan la revocación de la resolución dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 9 de septiembre de 1997, en la cual le ordenó a la recurrida, Hermanos Barreras, Inc. (Hnos. Barreras), que procediera a tomarle la deposición solicitada a IIA, notificada como parte del descubrimiento de prueba relacionada con una moción bajo la Regla 23 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III.
Debemos resolver si un demandante, al instar una demanda en cobro de dinero y ejecución de hipoteca por la vía ordinaria, está impedido de llevar a cabo el descubrimiento de prueba hasta tanto no ejecute la hipoteca y conozca si los bienes subastados alcanzan para cubrir la deuda principal. Resolvemos que sí procede el descubrimiento de prueba, aun cuando no se haya llevado a cabo la ejecución de la hipoteca.
Este caso tiene su origen en 1985, cuando Hnos. Barreras presentó una demanda en cobro de dinero contra World Universities, Inc. (WUI), reclamándole cánones de arrendamiento vencidos y no pagados. En aquella ocasión el tribunal recurrido condenó a WUI a satisfacer la suma de $658,992.36 por concepto de cánones de arrendamiento y recargos hasta el mes de mayo de 1985 así como los cánones que se vencieran en lo sucesivo. Además, le condenó al pago de intereses desde la fecha de esa sentencia y al pago de $10,000 por concepto de gastos de los Hermanos Barreras.
Para febrero de 1987, la deuda ascendía a $772,697.65, toda vez que ninguno de los demandados había satisfecho la misma. No obstante, Hnos. Barreras les concedió una prórroga y los días 19 y 20 de marzo de 1987 se otorgaron varios documentos evidenciando el acuerdo. En esa fecha el demandado abonó $44,000 y acordó satisfacer la suma de $728,697.65 el 18 de marzo de 1988, más los intereses que la misma acumulara a razón del 10% anual. Los recurrentes tampoco cumplieron con dicho acuerdo por lo que el 7 de abril de 1993, Hnos. Barreras presentó una demanda en cobro de dinero y ejecución de hipoteca por la vía ordinaria. La IIA contestaron la demanda y presentaron reconvención. Solicitaron, además, la descalificación del Ledo. Raúl Cando Bigas como su representante legal toda vez que intervino en la otorgación de varios documentos notariales los cuales, alegan, serían eventualmente prueba en el caso y porque, alegadamente, el abogado seria testigo *1151 medular en el pleito. Este asunto fue resuelto finalmente el 13 de diciembre de 1995, por el Tribunal Supremo, que resolvió que no procede la descalificación del abogado toda vez que éste no se responsabiliza en modo alguno con la validez o ineficacia de los acuerdos contenidos en los documentos en cuestión.
Mientras tanto, en abril de 1995, Hnos. Barreras solicitó autorización para que se le permitiera vender en pública subasta ciertos bienes muebles pertenecientes a la recurrente IIA, los cuales se encontraban sujetos a una hipoteca de bienes muebles a favor de Hnos. Barreras y cuya posesión física le había sido entregada, con la anuencia de IIA, como resultado de un procedimiento de tercería de dominio entablado por Hnos. Barreras en el caso de Autoridad de Edificios Públicos v. El Instituto Internacional de Las Américas, Inc., h/n/c Universidad Mundial v. Hermanos Barreras, Inc., Interventora, Civil Núm. 86-3330 (806), sobre: Cobro de Dinero. La subasta fue autorizada sin oposición de la IIA. 
Resuelto el asunto de la descalificación del Ledo. Cancio Bigas, comenzó el descubrimiento de prueba. El 14 de febrero de 1996 Hnos. Barreras le notificó al Dr. Ronald Cloyd Bauer, (Dr. Bauer), Presidente de International Institute of the America, Inc., la toma de una deposición "Duces Tecum". La misma no se pudo llevar a cabo. Debido a varios cambios en las fechas de la toma de deposición y varios incidentes procesales, no fue hasta los días 16, 22 y 23 de agosto de 1997 que se pactaron para la toma de la deposición. La deposición del Dr. Bauer tuvo que ser suspendida debido a las constantes objeciones de su abogado, el Ledo. Orlando Martínez, quien llegó a ordenarle al deponente que no contestara las preguntas.
Adicionalmente, la I.I.A. presentó una moción objetando la producción de ciertos documentos, a saber:

"1 - planillas de contribución sobre ingresos, sobre la propiedad mueble y patentes municipales presentadas por la parte demandada tanto personalmente como en nombre de las corporaciones demandadas;

2- Copia de los informes de corporaciones sinfines de lucro presentados en el Departamento de Estado;

3- Copia de los estados financieros preparados para el Dr. Bauer;

4- Escrituras que acrediten la titularidad de cualquier bien inmueble o cualquier negocio jurídico del deponente;

5- Récords y libros corporativos:

6- Estados bancarios;

7-Documentos presentados por el deponente o por cualquiera de las corporaciones en el Departamento de Estado;

8-Copia de documentos públicos o privados que acrediten la existencia de las corporaciones co-demandadas y la participación del deponente en las mismas.

9-Copia de las minutas de reuniones de la Junta de Directores y de Accionistas de las Corporaciones demandadas;

10-Copia de todo contrato otorgado por el deponente, por sí o en representación de alguna de las corporaciones co-demandadas durante los últimos diez (10) años."

El 9 de septiembre de 1997,- el tribunal a quo dictó la orden recurrida y resolvió que procedía la deposición solicitada por Hnos. Barreras. El 22 de septiembre de 1997 le ordenó a la IIA que enviara los documentos solicitados en la deposición una semana antes de la misma.
*1152 La IIA, inconforme, recurre ante nos y alega que erró el tribunal a quo al denegar su objeción a la producción de documentos en un caso en que se trata de una ejecución de hipoteca, donde los bienes de la IIA ya están grabados por dicha garantía hipotecaria y donde todavía no se han ejecutado las tres hipotecas que gravan dichos bienes muebles e inmuebles. No le asiste la razón.
Examinados varios documentos obrantes en autos, encontramos que IIA sostiene, como base para objetar los documentos que el tribunal recurrido le ordenó producir para la toma de deposición, que el presente caso trata de un simple y sencillo caso de ejecución de hipoteca, por lo que a lo único que tiene derecho Hnos. Barreras es a ejecutar su crédito hipotecario y absolutamente a ningún otro tipo de acción. En otras palabras, IIA sostiene que Hnos. Barreras no tiene derecho a instar la acción de cobro de dinero y que, por lo tanto, no es necesario el descubrimiento de prueba. Tampoco tiene razón.
Actualmente, nuestro ordenamiento jurídico le brinda al acreedor hipotecario tres (3) vías procesales para hacer efectivo su crédito y ejecutar la garantía real del mismo. Uno es el procedimiento de ejecución de hipoteca por la vía ordinaria, 30 L.P.R.A. sec. 2701; Regla 51.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Rafael F. Morales Cabranes, La Ejecución de Hipoteca en Puerto Rico, 43 Rev. Col. Abog. 205 (1982); otro es el procedimiento ejecutivo sumario, 30 L.P.R.A. sec. 2701 et seq.; Herminio Brau del Toro, Apuntes para un Curso sobre el Estado del Derecho Inmobiliario Registral Puertorriqueño bajo la Ley Hipotecaria de 1873, 48 Rev. lur. U.P.R. 113, 473-486 (1979); y, además, puede instar la acción ordinaria de cobro de dinero, con embargo de la finca, si lo desea, en aseguramiento de sentencia. Regla 51 de Procedimiento Civil, 32 L.P.R.A. Ap. III; P.R. Atanacia Corporation v. Jorge M. Saldaña, Inc. y otros, _ D.P.R. _ (1993), 93 J.T.S. 67; Production Credit v. Registrador, _ D.P.R. _ (1989), 89 J.T.S. 13; C.R.U.V. v. Torres Pérez, 111 D.P.R. 698 (1981).
El instar una acción de ejecución de hipoteca por la vía ordinaria no excluye la acción en cobro de dinero. Típicamente, cuando una parte pretende cobrar un crédito por la vía judicial lo hace mediante una de estas dos acciones: ejecución de hipoteca o cobro de dinero. Es incorrecto alegar que Hnos. Barreras no tiene derecho a llevar a cabo descubrimiento de prueba por el hecho de que sólo tiene derecho a instar la acción de ejecución de hipoteca. Esta es una conclusión que parte de una premisa falsa. La única limitación al descubrimiento de prueba la establece la Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esta contiene sólo dos limitaciones: (1) que la información solicitada no sea materia privilegiada, y (2) que la misma sea pertinente al asunto en controversia. Rodríguez v. Scotiabank de P.R., 113 D.P.R. 210, 212 (1982). En el caso de autos no estamos ante información privilegiada. Como regla general el concepto de pertinencia para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. Sierra v. Tribunal Superior, 81 D.P.R. 554, 573 (1951). No obstante, esto no significa que el ámbito del descubrimiento de prueba sea ilimitado. General Electric v. Concessionaires, Inc., 118 D.P.R. 32, 40 (1986). A tono con esta norma se ha resuelto que, en acciones de cobro de dinero no procede el descubrimiento de prueba relacionado con información sobre las transacciones económicas del deudor con terceros cuando esa información no es pertinente o no está relacionada con la causa de acción. General Electric v. Concessionaires, supra, a la pág. 41. También se ha resuelto que este tipo de descubrimiento no se justifica cuando la razón adelantada es descubrir la capacidad del deudor de poder satisfacer la sentencia que pueda recaer contra él. General Electric v. Concessionaires, supra, a la pág. 42.
Examinada la demanda presentada por Hnos. Barreras concluimos que de las alegaciones contenidas en la misma no se desprende que la información solicitada a IIA se pretenda utilizar con el propósito de indagar en la condición económica del Dr. Bauer, aun cuando tales documentos puedan ofrecer información sobre la condición económica del demandado. No obstante, debemos aclarar que se ha resuelto que, aun cuando la información contenida en una planilla de contribuciones no es privilegiada y puede ser objeto de descubrimiento, sólo se debe hacer disponible la información estrictamente pertinente. Rodríguez v. Scotiabank de P.R., supra. De esta forma, resolvemos que es permisible el descubrimiento solicitado, siempre y cuando la información a obtenerse de las planillas de contribuciones se limite a lo estrictamente pertinente a la demanda.
Por los fundamentos antes expuestos, se deniega la expedición del auto de certiorari solicitado por IIA.
*1153 Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 103
1. Los documentos otorgados fueron un "Agreement" bajo los affidavits números 6751 y 6758 otorgados ante el notario José Raúl Cancio Bigas y un "Promisory Note" bajo el affidavit número 6757 del mismo notario.
2. La subasta se celebró sin que comparecieran licitadores, ni siquiera los recurrentes. Hnos. Barreras solicitó le permitieran ofrecer $3,000 por dichos bienes y consignar la suma, lo cual fue autorizado por el Tribunal.