ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| BANCO POPULAR DE PUERTO RICO, INC.<br><br>Peticionario<br><br>v.<br><br>AMERICAN COLLEGE OF PUERTO RICO, INC. Y OTROS<br><br>Recurridos | TA2025CE00320 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2024CV01050<br><br>Sobre: Cobro de Dinero, Ejecución de Hipoteca y Gravámenes Mobiliarios |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de septiembre de 2025.

Comparece el Banco Popular de Puerto Rico ("BPPR" o "Peticionario") mediante *Certiorari* y nos solicita que revisemos la *Resolución* notificada el 5 de junio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). En virtud del referido dictamen, el TPI denegó la solicitud de sentencia sumaria instada por los peticionarios, por existir una controversia sobre un hecho material.

Por los fundamentos que proceden, se expide el auto de *certiorari* y se *confirma* el dictamen recurrido.

**I.**

El 22 de febrero de 2024, el BPPR presentó una *Demanda* sobre cobro de dinero, ejecución de hipoteca y garantía inmobiliaria contra el American College of Puerto Rico, Inc., como deudor, y Atlantis Institutional Properties, Inc., Global Institutional Properties, Inc., Juan Nazario Torres, Cristina Costa Vázquez y Francisca Torres Marrero, como garantizadores solidarios (en conjunto, "Recurridos"). Adujo que los recurridos, al 21 de febrero

de 2024, le adeudan las siguientes sumas: (1) $3,053,843.63, correspondiente al Préstamo I; (2) $11,749,413.82, correspondiente al Préstamo II. Más aún, sostuvo que le deben la cantidad de $3,861,161.70, por concepto de costas, gastos y honorarios de abogado, según pactado en los Pagarés Hipotecarios I al XIII.

Tras varias instancias procesales, el 26 de agosto de 2024, el BPPR instó una *Moción en Solicitud de Sentencia Sumaria.* En síntesis, arguyó que, conforme se desprende de la prueba documental y las propias admisiones de los recurridos, no existe controversia sobre las cuantías adeudadas. A su vez, manifestó que no hay fundamento alguno para aplicar la doctrina *rebus sic standibus* y retrasar la concesión del remedio solicitado. Por tanto, adujo que procedía dictar sentencia sumariamente.

El 7 de febrero de 2025, los recurridos presentaron su *Moción en Oposición a Moción de Sentencia Sumaria.* Explicaron que la prueba documental presentada por el BPPR no evidenció que se adeudaran las sumas reclamadas. Sostuvo, además, que no ha culminado el descubrimiento de prueba, por lo que aún puede surgir evidencia que demuestre que el BPPR actuó de mala fe y que es aplicable la doctrina de *rebus sic standibus.*

Ante ello, el 27 de febrero de 2025, el peticionario notificó una *Réplica a "Moción en Oposición a Moción de Sentencia Sumaria".* Reiteraron que, en el caso de autos, existe una deuda líquida y exigible y, por tanto, procede dictar sentencia sin trámites posteriores.

Aquilatados los argumentos de las partes, así como la prueba documental, el 9 de junio de 2025, el TPI dictó una *Resolución,* mediante la cual denegó la solicitud de sentencia sumaria instada por el BPPR. El foro de instancia formuló un total de sesenta (60) hechos sobre los cuales no existe controversia. No obstante, sostuvo que todavía existe controversia sobre las sumas adeudadas por los

recurridos, incluyendo los honorarios de abogados.

Particularmente, señaló que, a pesar de que el BPPR presentó ochenta (80) anejos, solo uno de ellos -una declaración jurada suscrita por uno de sus oficiales- señala cuáles son las sumas presuntamente adeudadas. Explicó que, para poder determinar las cuantías reclamadas, el peticionario debe presentar el desglose de partidas y sustentarlo con evidencia. A esos efectos, detalló lo siguiente:

> Difícilmente, un asunto de cobro, se puede resolver cuando se presentan 80 anejos o más y solo mediante una declaración jurada se presenta prueba de las sumas que, supuestamente, se adeudan. O sea, la única prueba que nos presenta el banco sobre lo adeudado es el testimonio de un oficial del banco, sin ninguna otra prueba. Asimismo, existen dudas sobre las sumas que se adeudan, en cuanto a los honorarios de abogados, pues, luego de examinar la prueba, no nos queda claro qué fue lo pactado sobre este asunto, entre las partes, ya que existen, más o menos, 26 anejos, sobre este tema, sin que BPPR explique, específicamente, en dónde, en estos anejos surge lo pactado, sobre ellos. [1]

Siendo así, concluyó que, al momento, el BPPR no lo ha colocado en posición de determinar a cuánto asciende la deuda.

Inconforme, el 24 de junio de 2025, el peticionario presentó una *Moción de Reconsideración de Resolución (Entrada Núm. 55)*, la cual fue denegada mediante *Orden* dictada el 22 de julio de 2025, notificada el día siguiente. Insatisfecho aún, el 20 de agosto de 2025, el BPPR acudió ante esta Curia a través de un recurso de *Certiorari*. El peticionario formuló los siguientes señalamientos de errores:

> **Erró el Tribunal de Primera Instancia al determinar que una declaración jurada no es un documento suficiente para sustentar un hecho que no está en controversia.**

> **Erró el Tribunal de Primera Instancia al determinar que existía controversia sobre un hecho sustentado con prueba documental que no fue controvertido.**

---

[1] Apéndice del recurso, Entrada Núm. 55, pág. 27.

El 18 de septiembre de 2025, la parte recurrida notificó su *Oposición a Certiorari.* Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la

discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

-**B**-

El mecanismo de sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones donde no exista controversia material de hecho que requiera ventilarse en un juicio plenario, y el derecho así lo permita. *León Torres v. Rivera Lebrón,* 204 DPR 20, 41 (2020). Mediante el mismo, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *Íd.*, pág. 42.

Al presentar una moción de sentencia sumaria, al amparo de la Regla 36.2 de Procedimiento Civil, *supra,* se deberá cumplir con los siguientes requisitos de forma: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la

sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687, 698 (2019).

Al considerar la solicitud, el Tribunal deberá asumir ciertos los hechos no controvertidos que se encuentran sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). La inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625.

Conforme a esta normativa procesal, la parte que se opone a una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón, supra,* pág. 54. Es decir, viene obligada a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud puesto que, de incumplir, corre el riesgo de que se dicte sentencia sumaria en su contra, de la misma proceder en derecho. *Ramos Pérez v. Univisión*, 178 DPR 200, 215 (2010).

El que se opone a una moción de sentencia sumaria debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *Íd.* Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil. *Íd.* Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. *Íd.*, citando a *Corp. Presiding Bishop CJD of LDS v. Purcell,* 117 DPR 714, 721 (1986).

No obstante, "[e]l hecho de no oponerse a la solicitud de sentencia sumaria no implica necesariamente que ésta proceda si existe una controversia legítima sobre un hecho material". *Íd.* La sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Rivera Rodríguez v. Rivera Reyes*, 168 DPR 193, 212 (2006).

Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o aquellos en los que estén presentes cuestiones de interés público". *Íd.*, pág. 579.

Por otro lado, sabido es que, cuando un Tribunal emita una sentencia, especificará los hechos que fueron probados y consignará separadamente sus conclusiones de derecho. 32 LPRA Ap. V, R. 42.2. En lo aquí pertinente, si el Tribunal deniega una moción de sentencia sumaria, no concede todo el remedio solicitado o no resuelve la totalidad del pleito, la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, expresa que "será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos [...]". Lo anterior simplifica el desfile de prueba en el juicio, pues los hechos no controvertidos se consideran probados. *Ramos Pérez v. Univisión*, 178 DPR 200, 221 (2010).

Además, y según dispuesto por el Tribunal Supremo de Puerto Rico, los criterios de revisión apelativa ante una sentencia

sumaria son los siguientes: (1) no se puede considerar prueba no presentada ante el nivel de instancia; (2) no se puede adjudicar hechos materiales en controversia; (3) la revisión apelativa es *de novo*; (4) se debe examinar el expediente de la manera más favorable hacia quien se opone a la solicitud de sentencia sumaria; (5) se debe observar que las mociones cumplan con los requisitos de la Regla 36 de Procedimiento Civil de 2009, *supra,* y lo discutido en *SLG Zapata Rivera v. JF Montalvo,* 189 DPR 414 (2013); (6) debe exponer los hechos materiales controvertidos y los incontrovertidos si los hubiese; y (7) ante un caso donde no existan hechos materiales en controversia, el tribunal apelativo procederá a revisar *de novo* si el TPI aplicó correctamente el Derecho. *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 118-119 (2015).

Asimismo, nuestro más Alto Foro señaló que:

[…] el Tribunal de Apelaciones debe: 1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*; 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas,* 199 DPR 664, 679 (2018).

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *González Santiago v. Baxter Healthcare,* 202 DPR 281, 291 (2019). A tal efecto, nuestra revisión es una *de novo*, y el análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa. *Íd.* De esta manera, si encontramos que los hechos

materiales realmente están incontrovertidos, debemos revisar si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Íd.*

**-C-**

Ante el incumplimiento de una obligación asegurada por un pagaré hipotecario, el acreedor puede instar una demanda en cobro de dinero y ejecución de hipoteca. Es decir, "puede optar por tratar de obtener la satisfacción de la sentencia que sea dictada en reconocimiento de su crédito mediante requerimiento personal al deudor o mediante la ejecución de la garantía hipotecaria". *First Fed. Savs. v. Nazario et als.*, 138 DPR 872, 880 (1995). Este proceder es una reclamación mixta por constituir una causa de acción de naturaleza personal y real. *Íd.*, pág. 879. *CRUV v. Torres Pérez*, 111 DPR 698, 699 (1981).

En aquellos escenarios en que el deudor y el propietario sean las mismas personas, la acción personal queda inmersa en el reclamo de ejecución de hipoteca. *First Fed. Savs. v. Nazario et als.*, *supra*, pág. 880. Adviértase que el acreedor demandante "no tiene derecho a un remedio adicional e independiente de su derecho a obtener el pago de la deuda reclamada". En tal caso, la causa de acción está limitada obtener mediante la ejecución de hipoteca "la condena al pago del crédito reclamado". *Íd.*

A su vez, es menester destacar que, la lógica jurídica de este procedimiento exige la existencia de una deuda líquida, exigible y vencida. La característica de *líquida* alude a una cuantía de dinero debida, cierta y determinada de la cual no existe controversia. *Ramos y Otros v. Colon y Otros*, 153 DPR 534, 546 (2001). Además, tal cuantía debe ser *exigible*, lo que significa que puede demandarse su cumplimiento. *Río Mar Community Association, Inc. v. Mayol Bianchi*, 208 DPR 100, 109 (2021).

### III.

Mediante el recurso que nos ocupa, la parte peticionaria sostiene que el foro de instancia incidió al denegar su solicitud de sentencia sumaria. Por entender que los señalamientos de errores están intrínsecamente relacionados, serán discutidos de manera conjunta.

En esencia, el BPPR aduce que el TPI erró al determinar que existía una controversia sobre un hecho que no fue controvertido. Arguye que la parte recurrida no se opuso adecuadamente a la solicitud de sentencia sumaria y, por tanto, no lograron controvertir los hechos presentados en la petición. Asimismo, sostiene que la declaración jurada resulta suficiente para evidenciar las sumas adeudadas. Más aún, aduce que los demás documentos presentados evidencian las cantidades reclamadas. Añade que los honorarios de abogados pactados surgen de los pagarés hipotecarios.

Adelantamos que, concordamos con la parte peticionaria al determinar que la oposición a la sentencia sumaria no controvirtió las sumas en controversia. No obstante, el hecho de que los recurridos no lograron controvertir las alegaciones, no significa que procedía de manera automática la disposición sumaria de la reclamación. Según hemos reseñado, el solo hecho de que la parte opositora no logre controvertir la prueba, no significa que el tribunal venga obligado a conceder la solicitud de sentencia sumaria.

En el caso de marras, la declaración jurada presentada por BPPR, de por sí, no resultó suficiente para determinar con claridad que no existe controversia sobre las partidas reclamadas. Al examinar la misma, nos percatamos de que, entre otros, ni tan siquiera surge la fecha en que los recurridos comenzaron a incumplir con los pagos. Ante ello, el foro de instancia actuó conforme a derecho al disponer que la parte peticionaria deberá sustentar la declaración jurada con el desglose de partidas.

Luego de examinar cuidadosamente el expediente, con especial atención a la prueba documental presentada, concluimos que subsiste una controversia sobre las sumas adeudadas. Previo a emitir cualquier pronunciamiento de carácter final, los tribunales tienen el deber de cerciorarse de que su determinación esté debidamente sustentada por la evidencia presentada.

Cabe destacar que no existe controversia respecto al hecho de que la parte recurrida incumplió con el pago de lo adeudado. Por tanto, únicamente resta corroborar y determinar las partidas verdaderamente adeudadas por la parte recurrida. Recordemos que el peticionario alega que los recurridos adeudan la cantidad de $18,664,419.15. Ante la incertidumbre sobre la suma adeudada, somos del criterio que el foro de instancia actuó correctamente al no dictar sentencia sumaria, previo a examinar las partidas debidamente desglosadas.

Por último, el peticionario también arguye que el TPI incidió al determinar que subsistía una controversia respecto a los honorarios de abogado pactados entre las partes. Sin embargo, conforme a lo aquí resuelto, en esta etapa de los procedimientos, no nos corresponde emitir pronunciamiento alguno relacionado a los honorarios de abogados.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de esta Sentencia, se expide el auto solicitado y se *confirma* el dictamen recurrido. Se devuelve al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones